IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES D. BAZZOON,

    Plaintiff,

  v.         CASE NO. 16-3151-SAC-DJW

CLAUDE MAYE, et al.,

    Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

  Plaintiff is an inmate at the United States Penitentiary Coleman II (USP Coleman II), in Coleman, Florida. He filed this pro se civil rights complaint under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971). Pursuant to plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, the court directed an initial partial filing fee of $45.00. (Doc. 6). Based on plaintiff's failure to pay this assessed fee, the court entered an order and judgment on September 13, 2016, dismissing this case without prejudice pursuant to Fed. R. Civ. P. 41(b). (Docs. 7 & 8).

  This matter is before the court on a letter from plaintiff, which the court construes as a motion to reopen the case. (Doc. 9). In the motion, plaintiff contends that he submitted to USP Coleman II a request for withdrawal of fees which was rejected, that his prisoner account is or was "frozen", and that because he is housed in the special housing unit, he has limited access to his prisoner account and to mail, which is sometimes delayed up to a week. He encloses with his motion copies of two letters he sent to the court regarding the delay, as well as a copy of the

1

form for withdrawal of fees.[1] On November 7, 2016, the court received $10.00 from plaintiff's prisoner account and to date, he has paid at least $261.40 of the required $350.00 fee. Accordingly, the court grants plaintiff's motion and vacates the order and judgment dated September 13, 2016.

## SCREENING UNDER 28 U.S.C. § 1915

Plaintiff brings two *Bivens* claims arising out of an assault that occurred on or about February 23, 2015, while he was confined at the United States Penitentiary Leavenworth (USP Leavenworth). In the first count, plaintiff brings claims that defendants (all of whom are various employees at USP Leavenworth) knew he was a former "Tango Blast" gang member but placed plaintiff in the "mainline" prison population anyway, and therefore violated the Eighth Amendment when seven Tango Blast members assaulted him. In the second count, plaintiff claims defendant Maye violated the Eighth Amendment by accepting plaintiff at USP Leavenworth knowing plaintiff's status as a former member of Tango Blast, and by adopting an unwritten policy allowing ex-gang members into the active yard where he was assaulted.

Because plaintiff is a prisoner, the court is required to screen the complaint and dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, a pro se litigant's conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's

---

[1] The court received neither letter.

complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Having considered plaintiff's allegations, the court finds the complaint is subject to summary dismissal because it fails to state a claim upon which relief can be granted. To state an Eight Amendment *Bivens* claim for denying humane conditions of confinement, plaintiff must allege that each defendant both knew of and disregarded an excessive risk to plaintiff's health or safety. *Smith v. U.S.*, 561 F.3d 1090, 1104-5 (10th Cir. 2009). Negligent failure to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The failure of a prison official to protect an inmate from an attack by other inmates rises to the level of an Eighth Amendment violation only when the defendant prison official acted with "wanton or obdurate disregard for or deliberate indifference to" the protection of the life of a prisoner. *Rider v. Werholtz,* 548 F. Supp. 2d 1188, 1195 (D. Kan. 2008) (quoting *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir. 1988). In other words, plaintiff must allege that each defendant official both knew of facts from which the inference could be drawn that a substantial risk of harm existed, and also that each such official actually drew the inference. *Smith* at 1105 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008)). Finally, in cases such as this which involve claims against multiple government actors, the complaint must make clear "exactly who is alleged to have done what to whom, to provide each individual defendant with fair notice" of the basis of the claims against him or her. *Id.*

With respect to Count I, plaintiff alleges that he told each defendant about his status as an ex-gang member. Plaintiff further alleges that at least two "John Doe" defendants told him he would have no problems on the "mainline". Plaintiff alleges that he was later assaulted. With

respect to Count II, plaintiff alleges that defendant Maye acted with deliberate indifference when he accepted plaintiff at USP Leavenworth and when he adopted an unwritten policy of placing ex-gang members into active population. He alleges that pursuant to this policy, one of the John Doe defendants was absent from his assigned post when the assault occurred.

Liberally construing the complaint, plaintiff seems to allege that defendants should have known that placing plaintiff – as an ex-member of "Tango Blast" – on the "mainline" was an excessive risk to his safety. Similarly, plaintiff seems to allege that defendant Maye should have known that accepting plaintiff at USP Leavenworth and that having a policy of placing ex-gang members on the "mainline" were excessive risks to his safety. Plaintiff must do more, however, than allege that defendants should have known of the risk of harm. *See Verdecia v. Adams,* 327 F.3d 1171, 1175-6 (10th Cir. 2003). The complaint contains no allegation that any defendant drew any inference that plaintiff faced a substantial risk of harm. In fact, plaintiff presents evidence to the contrary – at least two defendants told plaintiff he would have "no problems on the mainline". Accordingly, plaintiff fails to meet the deliberate indifference pleading requirements and therefore fails to state a claim upon which relief may be granted.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's motion to reopen case (Doc. 9) be and hereby is granted.

**IT IS FURTHER ORDERED** that the court's order (Doc. 7) and judgment (Doc. 8) of September 13, 2016, be and hereby are vacated.

**IT IS FURTHER ORDERED** that plaintiff is given twenty-one (21) days to show good cause in writing to the Honorable Sam A. Crow, United States Senior District Judge, why plaintiff's complaint should not be dismissed for failing to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated this 19th day of September, 2017, in Kansas City, Kansas.

**s/ David J. Waxse**

**David J. Waxse**
**U.S. Magistrate Judge**